**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4800**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS JARROD TURNAGE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, District Judge. (CR-05-18)

Submitted:  July 26, 2006         Decided:  March 22, 2007

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.  Judge Motz dissents.

Michelle C. F. Derrico, COPENHAVER, ELLETT & DERRICO, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Jarrod Turnage entered a conditional guilty plea to one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2000), and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2000). The guilty plea was entered pursuant to a plea agreement that reserved Turnage's right to appeal the denial of the motion to suppress. The court sentenced Turnage to seventy-five months' imprisonment. Finding no error, we affirm.

Turnage argues that the district court erred in denying his motion to suppress based on the alleged illegality of his detention and subsequent search. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); see Terry v. Ohio, 392 U.S. 1, 30 (1968). To conduct a Terry stop, there must be "at least a minimal level of objective justification

- 2 -

for making the stop." Wardlow, 528 U.S. at 123; see also United States v. Hensley, 469 U.S. 221, 232 (1985). Reasonable suspicion requires more than a hunch but less than probable cause, and it may be based on the collective knowledge of officers involved in an investigation. Id. In assessing police conduct in a Terry stop, courts must look to the totality of the circumstances. United States v. Sokolow, 490 U.S. 1, 8 (1989). Finally, officers are permitted to draw on their experience and specialized training to make inferences from and deductions about the cumulative evidence. United States v. Arvizu, 534 U.S. 266, 273 (2002).

In February 2005, police responded to a call from a convenience store clerk who reported a suspicious person lurking about. They saw Turnage, who matched the description given by the clerk, standing beside the store. Although the clerk later stated Turnage was not the person who prompted the call to police, Turnage acted suspiciously when police arrived. Specifically, when Turnage saw the officers arrive, he left the place he had been standing, got into the passenger seat of a car, checked the mirrors, lifted himself off his seat, and made a motion like he was stuffing something in the front of his pants. Two officers also saw Turnage place something under his car seat before he exited the vehicle in response to an officer's request. Finally, the incident took place in a high-crime area. In view of the totality of the circumstances, we conclude the district court did not clearly err

in determining that the seizure was reasonable and that the motion to suppress should therefore be denied.  See <u>Wardlow</u>, 528 U.S. at 123; <u>United States v. Perkins</u>, 363 F.3d 317, 320-21 (4th Cir. 2004).

Accordingly, we affirm Turnage's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -